ELDRED et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1919.)

No. 5235.

Public Lands &120—Suit for Cancellation of Patents—Fraudulent Entries.

　The United States held entitled to cancellation of patents for soldiers' homesteads which were taken by the entrymen under contracts to convey to another, who paid all expenses and the agreed price on conveyance after final proof.

Appeal from the District Court of the United States for the District of Nebraska; Martin J. Wade, Judge.

Suit in equity by the United States against Everett M. Eldred and others. Decree for the United States, and defendants appeal. Affirmed.

William F. Gurley, of Omaha, Neb. (David A. Fitch, of Omaha, Neb., on the brief), for appellants.

T. S. Allen, U. S. Atty., of Lincoln, Neb. (Howard Saxton, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This is a suit in equity by the United States against the defendant Eldred to cancel patents obtained upon soldiers' homestead entries. The trial court found the entries to be fraudulent and entered a decree in favor of the government. The defendant appeals.

The defendant is a prosperous ranchman living in Deuel county, Neb. He had been occupying large tracts of public domain, inclosing the same by fences, as a part of his ranch. He had been ordered to remove the fences. To meet this emergency he went to Saline county, Neb., and induced a large number of old soldiers to locate homestead entries on the land under the Kincaid Act. He paid their expenses from the time they started; he selected their claims, erected improvements upon them, boarded the claimants while they were carrying on their pretended residence, and paid the expenses of making final proof. As soon as the entrymen obtained their patents, he paid each of them $500 for his homestead, in exact accordance with the agreement which he made with them when he first saw them. If such a fraud as this could be sustained, there would be no limit to the amount of public lands which could be obtained through dummy entrymen. This is not the law. On the contrary, the law has of late years been going steadily against such practices. United States v. Richards (D. C.) 149 Fed. 443, 175 Fed. 911; Booth-Kelly Lumber Co. v. United States, 237 U. S. 481, 35 Sup. Ct. 659, 59 L. Ed. 1058; United States v. Moorhead, 243 U. S. 607, 37 Sup. Ct. 458, 61 L. Ed. 926.

The judgment is affirmed.